**SO ORDERED: April 18, 2007.**

**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In re:                              )
                                    )
MICHAEL MYERS,                      )          Case No.  05-25265-BHL-7A
                                    )
        Debtor.                     )

**ORDER ON MOTION FOR AUTHORITY TO FILE MOTION TO REVOKE
DEBTOR'S DISCHARGE**

This matter comes before the court on the **Motion for Authority to File Motion to
Revoke Debtor's Discharge** filed by American General Financial Services, Inc., on February 28,
2007.  Notice of the motion was issued and no objections were received by the April 6, 2007
deadline.

According to the allegations in American General's February 28, 2007 motion, because
the debtor fraudulently omitted American General as a creditor in his bankruptcy schedules, and
as a result of which American General did not receive timely notice of the existence of the
debtor's case, American General "did not file a timely Motion To Revoke Debtor's Discharge
under Bankruptcy Code § 727(d)(1) and § 727(e)(1)" (Motion ¶ 7).  The discharge order in the

debtor's case was entered on February 24, 2006.

Section 727(d)(1) of title 11, U.S.C., states that "On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if - (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge[.]" 11 U.S.C. § 727(d)(1).  Section 727(e)(1) provides, however, that "the trustee, a creditor, or the United States trustee may request a revocation of a discharge - (1) under subsection (d)(1) of this section within one year after such discharge is granted[.]"  11 U.S.C. § 727(e)(1).

By seeking leave of the court to file an action[1] that is admittedly not timely, American General seems to request equitable relief from the rule in 727(e)(1) under either 11 U.S.C. § 105 or F.R.Civ.P. 60(b)(3) which provides that " On motion and upon such terms as are just, the court may relieve a party or party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud ..., misrepresentation, or other misconduct of an adverse party[.]"  The debtor's alleged fraud in omitting America General from his schedules would seem to make American General eligible for relief under Rule 60(b) from the § 727(e)(1) time limit and the court's discharge order.  Federal Rule of Bankruptcy Procedure 9024, however, states that "Rule 60 applies to cases under the Code except that ... (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code [.]"  F.R.C.P. 9024(2).  Furthermore, the 1983 Advisory Committee Note to

---

[1]Though American General has styled its pleading as a "Motion for Authority to File Motion to Revoke Debtor's Discharge," F.R.C.P. 7001(4) dictates that a proceeding to object to or revoke a discharge is an adversary proceeding and therefore must be brought as a complaint.

2

Rule 9024 "makes clear that Rule 60(b) affords no basis for circumvention of the time limitations prescribed by section 727 for commencement of any proceeding to revoke a discharge." 6 Collier on Bankruptcy ¶ 727.16[1] (15th ed. 2006).

That the deadline in 727(e)(1) is a hard one is also well-settled among courts in this circuit. For instance, the United States District Court for the Northern District of Illinois in its decision in In re Karras, 165 B.R. 636 (N.D.Ill.1994), stated that "a request to revoke a discharge under section 727 must be brought within one year of the granting of the discharge." The district court continued by quoting at length, as the court will here, Judge Squire's discussion of that limitation in In re Stucker, 153 B.R. 219, 222 (Bankr.N.D.Ill.1993): "If a chapter 7 debtor obtains a discharge through fraud and the party seeking to revoke the discharge did not know of the fraud until after the granting of such discharge, such party may seek revocation of the discharge within one year after such discharge is granted. An inability of creditors to invoke these statutory protections by virtue of late knowledge of the case arising from a debtor's omission from the schedule of creditors is a matter which should be left to the wisdom of Congress, and is not a matter which furnishes a basis for relief from the time limit of section 727(e)(1)."

American General's **Motion for Authority to File Motion to Revoke Debtor's Discharge** was filed more than one year after the court entered the order of discharge in the debtor's bankruptcy case. Therefore, pursuant to 11 U.S.C. § 727(e)(2) and F.R.B.P. 9024, the court finds that the **Motion for Authority to File Motion to Revoke Debtor's Discharge** should be, and hereby is **DENIED**.

### ###

3